# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 21-60042
Summary Calendar

Jonathan Eduardo Lozano-Aguilar,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 895 414

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Jonathan Eduardo Lozano-Aguilar petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was ineligible for asylum and withholding of removal. Insofar as he argues that the BIA and IJ

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60042

erred by not seeking clarification of his proposed social group (PSG), we lack jurisdiction to consider this claim because it was not first presented to the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).

We review challenges to the BIA's determination that Lozano-Aguilar was ineligible for relief under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Lozano-Aguilar has not shown that the evidence compels a conclusion contrary to that of the BIA on the issue whether he was a member of a cognizable PSG and thus has not met the substantial evidence standard with respect to this issue. *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021); *Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012); *see also Zhang*, 432 F.3d at 344. He concomitantly has shown no error in the BIA's conclusion that he was ineligible for relief, and there is no need for us to consider his remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Orellana-Monson*, 685 F.3d at 521-22; *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.